**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 03-4111**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TYRONE MELVIN SERVANCE, JR.,

Defendant - Appellant.

On Remand from the Supreme Court of the United States.
(S. Ct. No. 04-9648)

Submitted: July 18, 2007          Decided: August 2, 2007

Before WILLIAMS, Chief Judge, and TRAXLER and KING, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Clarke F. Ahlers, CLARKE F. AHLERS, P.C., Columbia, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Martin J. Clarke, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tyrone Melvin Servance, Jr. was charged with one count of conspiracy to distribute 500 grams or more of a mixture containing a detectable amount of cocaine hydrochloride and 50 grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (2000), one count of possession with intent to distribute 500 grams or more of a mixture containing cocaine hydrochloride and 50 grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), one count of possessing a handgun during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (2000) ("Count Three"), and one count of being a convicted felon in possession of a handgun, in violation of 18 U.S.C. § 924(g)(1) (2000) ("Count Four"). He pled guilty to Count Four and proceeded to trial on the remaining three counts. The jury found him guilty of all three counts. At sentencing, Servance did not object to the findings in the presentence investigation report. He was sentenced to 238 months' imprisonment on the drug charges to run concurrent with a 120 month sentence on Count Four. He was also sentenced to a consecutive 60 month sentence on Count Three. On appeal, this court affirmed. See United States v. Servance, 394 F.3d 222 (4th Cir. 2005). On the same day the Servance opinion was issued, the Supreme Court decided United States v. Booker, 543 U.S. 220 (2005). On May 23, 2005, the Supreme Court vacated this court's judgment and remanded the case for further consideration in light of Booker.

- 2 -

See <u>Servance v. United States</u>, 544 U.S. 1047 (2005).  While we affirm the convictions, we vacate the sentence and remand for resentencing.

Servance did not previously object to his sentence on Sixth Amendment grounds.  Therefore, review of his sentence for any <u>Booker</u> error is for plain error.  <u>See</u>  Fed. R. Crim. P. 52(b), <u>United States v. Olano</u>, 507 U.S. 725, 731-32 (1993).  Under the plain error test, a defendant must show that (1) error occurred; (2) the error was plain; and (3) the error affected his substantial rights.  <u>Id.</u>  Even when these conditions are satisfied, this court may exercise its discretion to notice the error only if the error "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings."  <u>Id.</u> (internal quotation marks omitted). If an appellant meets these requirements, our "discretion is appropriately exercised only when failure to do so would result in a miscarriage of justice, such as when the defendant is actually innocent or the error seriously affects the fairness, integrity or public reputation of judicial proceedings."  <u>See</u> <u>United States v. Hughes</u>, 401 F.3d 540, 555 (4th Cir. 2005) (internal quotation marks and citation omitted).

This court has addressed two types of <u>Booker</u> error:  a violation of the Sixth Amendment and a failure to treat the sentencing guidelines as advisory.  <u>Hughes</u>, 401 F.3d at 552.  A Sixth Amendment error occurs when the district court imposes a

sentence greater than the maximum permitted based on facts found by a jury or admitted by the defendant.  <u>Booker</u>, 543 U.S. at 245. Here, the base offense level of 36 that was used was higher than the base offense level of 32 that would have applied had the probation officer only considered the jury finding implicit in the drug counts.  The two-level enhancement for obstruction of justice also violates the Sixth Amendment under <u>Booker</u> because it was not found by a jury or admitted by Servance.  Therefore, based on facts found by the jury alone, Servance's offense level would have been 32, his criminal history category would have been I, and his guideline range would have been 121-151 months rather than the range of 235-293 months that the district court used in sentencing Servance.

This court has held that a <u>Booker</u> plain error need not be noticed and corrected if the error was harmless because it did not actually affect the outcome of the proceedings.  <u>United States v. Smith</u>, 441 F.3d 254, 272-73 (4th Cir. 2006) (declining to correct error where evidence of drug quantity was overwhelming and uncontroverted).  In this case, as the Government notes, the evidence supporting the drug quantity was not overwhelming and uncontroverted.  The record before us does not indicate what sentence the court would have imposed on Servance had it exercised discretion under 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007) and treated the guidelines as merely advisory.  Although it is possible

that Servance will receive the same sentence on remand, "[t]his possibility is not enough to dissuade us from noticing the error." Hughes, 401 F.3d at 556.

Although the guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 543 U.S. at 264. On remand, the sentence must be "within the statutorily prescribed range and . . . reasonable." Hughes, 401 F.3d at 547. Specifically, district courts must (1) properly calculate the sentence range recommended by the Sentencing Guidelines; (2) determine whether a sentence within that range and within statutory limits serves the factors set forth in § 3553(a) and, if not, select a sentence that does serve those factors; (3) implement mandatory statutory limitations; and (4) articulate the reasons for selecting the particular sentence, especially explaining why a sentence outside of the Sentencing Guideline range better serves the relevant sentencing purposes set forth in § 3553(a). United States v. Green, 436 F.3d 449, 455-56 (4th Cir. 2006). A sentence not imposed within the properly calculated range must be based on the factors listed under § 3553(a). Id. at 456.

Accordingly, we affirm the convictions, but vacate the sentence and remand for resentencing consistent with the rules

announced in <u>Booker</u>.* We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>

---

*Just as we noted in <u>Hughes</u>, "[w]e of course offer no criticism of the district court judge, who followed the law and procedure in effect at the time" of Servance's sentencing. <u>Hughes</u>, 401 F.3d at 545 n.4. <u>See generally</u> <u>Johnson v. United States</u>, 520 U.S. 461, 468 (1997) (stating that an error is "plain" if "the law at the time of trial was settled and clearly contrary to the law at the time of appeal").